## 12683. ANDREWS *v.* THE STATE.

A conviction of involuntary manslaughter in the commission of an unlawful act will not be set aside by this court under the evidence in this case.

DECIDED NOVEMBER 16, 1921.

Indictment for murder; from Jasper superior court — Judge Park. June 11, 1921.

Will Andrews was charged with having killed Willie Whipple by shooting him with a pistol, and was convicted of involuntary

manslaughter in the commission of an unlawful act. According to the evidence, they were at a party at Beechy Walker's at night, where "the negroes were in the room as thick as your fingers." Gene Wilder testified: "Beechy came in the room and told them that he didn't want to have any riot there. Will Andrews cussed at me; I thought he was joking. . . I cussed back at him, then Beechy came in there and told us that he didn't want us to have any fuss in there. . . I turned around and walked off, . . went there in the corner and sat down, and then I got up and walked to the door, and Will Andrews was about the door too. I didn't have any weapon in my hands, and he didn't say anything to me, and I didn't say anything to him; and he fired a pistol and I run. . . I didn't hear him say anything, or anybody else say anything at that time. . . I run about a quarter of a mile before I stopped. I found out the next day that there had been a negro shot. . . Will Andrews didn't do like he was mad. He had been trying to separate this girl; they were frolicking. He didn't say anything unkind to me. . . There had been no fuss there before I left." Ed Whipple testified: "I was in about 20 feet of Will Andrews at the time he did this shooting. . . Gene Wilder and Will Andrews were having words about Gene Wilder's sister. Gene Wilder said, 'Let me have her, I can do more with her than anybody else;' that is all I heard. I saw this man Gene Wilder when he went to the door. . . I never saw him doing anything to Andrews at the time. He did not have anything in his hand. He said something like, 'You have got yours, if I had mine there would be trouble;' that is what I understood; and this other man had a pistol; I could see it. They were pretty close together, and this man Will Andrews shot and missed Gene and hit my brother, Willie Whipple. Willie wasn't doing anything at all. . . The girls started this row. Will Andrews was trying to stop Gene's sister, and Gene said, 'Let me have her;' that was all of the fuss. . . Willie Whipple died in about three days in the hospital in Macon; they operated on him." "He was shot through the throat." The defendant "shot towards Gene Wilder; I won't say he shot at him; he missed him." Beecher Walker testified that Andrews was trying to quiet two girls, one of whom was Gene's sister, and Gene came up and said,

"I can do more with her," and the witness told him, "Don't you have any fuss," and Andrews said he was not going to have any fuss; the witness then turned off, and he knew nothing about the shooting.

The defendant, in his statement at the trial, said that he was examining a pistol which had been handed to him by a boy who offered to pawn it to him, and who told him that it was not loaded; he pulled the hammer back to look at it, and it went off and shot, and some of the boys said, "You have shot and killed somebody;" he had not had a fuss with any of the boys and was not mad with any of them.

The motion for a new trial contained only the usual general grounds.

*J. B. Jackson,* for plaintiff in error, cited: *Cannon* v. *State,* 12 *Ga. App.* 637 (2); *Plummer* v. *State,* 1 *Ga. App.* 507.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra, cited: Penal Code (1910), § 348; Ga. L. 1910, p. 134 (Park's P. C. § 348 (a) ); *Cheney* v. *State,* 10 *Ga. App.* 451; *Baker* v. *State,* 12 *Ga. App.* 553; *Hamilton* v. *State,* 129 *Ga.* 147.

LUKE, J. The defendant was indicted for the offense of murder and was convicted of involuntary manslaughter in the commission of an unlawful act. He was fortunate in that he was not convicted of a higher grade of homicide. The evidence authorized the jury to find that the defendant, without excuse, shot into a crowd and hit and killed a human being. For no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*